1
2
3
4
5
6                                                                              *E-Filed 6/29/10*
7

8                          UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10                          SAN FRANCISCO DIVISION

11

12    MASALA MAJID JAMES,                          No. C 10-0599 RS (PR)

13            Plaintiff,                           **ORDER DISMISSING COMPLAINT
                                                   WITH LEAVE TO AMEND**
14       v.

15    GREG AHERN, ROBERT BARNHAM,
      GARY MITCHELL, T. SMITH, RAY
16    LARA, RICHARD WILLIAMS, and
      COUNTY OF ALAMEDA,
17
              Defendants.
18
      _____/
19

20            This is a federal civil rights action filed pursuant to 28 U.S.C. § 1983 by a pro se state

21    prisoner.  The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

22                                         **DISCUSSION**

23    **A.     Standard of Review**

24            A federal court must conduct a preliminary screening in any case in which a prisoner

25    seeks redress from a governmental entity or officer or employee of a governmental entity.

26    *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and

27    dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

28
                                                              No. C 10-0599 RS (PR)
                                                              ORDER DISMISSING COMPLAINT

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  be granted or seek monetary relief from a defendant who is immune from such relief.  *See id*.

2  § 1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica*

3  *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

4      A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim

5  to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)

6  (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial

7  plausibility when the plaintiff pleads factual content that allows the court to draw the

8  reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (quoting

9  Twombly, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal

10  conclusions cast in the form of factual allegations if those conclusions cannot reasonably be

11  drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th

12  Cir. 1994).

13      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

14  elements:  (1) that a right secured by the Constitution or laws of the United States was

15  violated, and (2) that the alleged violation was committed by a person acting under the color

16  of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

17  **B.    Legal Claims**

18      Plaintiff alleges that defendants, employees of the Alameda County Sheriff's Office,

19  violated his rights to (1) due process, (2) equal protection, and (3) self-representation by

20  providing an inadequate law library at the Santa Rita/Glen Dyer Jail, and by restricting

21  access to said library.

22      Prisoners have a constitutional right of access to the courts.  *See Lewis v. Casey*, 518

23  U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  To establish a claim for

24  any violation of the right of access to the courts, the prisoner must prove that there was an

25  inadequacy in the prison's legal access program that caused him an "actual injury."  *See*

26  *Lewis*, 518 U.S. at 350–55.  To prove an actual injury, the prisoner must show that the

27  inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim

28

concerning his conviction or conditions of confinement. *See id*. at 354–55.

Plaintiff's complaint does not contain sufficient factual matter to state a claim to relief that is plausible on its face. Specifically, plaintiff has not alleged specific facts regarding an actual injury, that the alleged inadequacy in the prison's legal access program hindered his efforts to perfect and pursue a <u>specific</u> legal action. Rather, he alleges only that the legal access program is constitutionally inadequate. This is insufficient to show actual injury. Plaintiff must allege specific facts detailing how his efforts to pursue a specific legal action were hindered by the prison legal program. Accordingly, the complaint is DISMISSED with leave to amend. Plaintiff shall file an amended complaint within 30 days from the date this order is filed. Failure to file an amended complaint by such time will result in dismissal of the action without further notice to plaintiff.

The first amended complaint must include the caption and civil case number used in this order (10-0599 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint <u>all</u> the claims he wishes to present and <u>all</u> of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may <u>not</u> incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

//

//

//

No. C 10-0599 RS (PR)
ORDER DISMISSING COMPLAINT

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff's motion for leave to contact non-party witnesses (Docket No. 5) is DENIED without prejudice.  Plaintiff can renew such motion when he files his amended complaint.

This order terminates Docket No. 5.

**IT IS SO ORDERED**.

DATED:  June 29, 2010

RICHARD SEEBORG
United States District Judge

No. C 10-0599 RS (PR)
ORDER DISMISSING COMPLAINT