*E-Filed 12/23/10*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

MASALA MAJID JAMES,

    Plaintiff,

v.

GREGORY J. AHERN, et al.,

    Defendants.

No. C 10-0599 RS (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

This is a federal civil rights action filed by a *pro se* state prisoner pursuant to 42 U.S.C. § 1983 in which it is alleged that defendants, officers and employees at the Alameda County Sheriff's Department, violated his federal constitutional rights to self-representation and access to the courts. For the reasons discussed herein, defendants' motion to dismiss (Docket No. 28) is GRANTED, and the action is DISMISSED.

## BACKGROUND

The facts material to this motion are not in dispute. At the time of the events underlying this action, plaintiff was a pretrial state detainee awaiting trial at the Santa Rita

Jail under the Alameda Sheriff's County Office.  Plaintiff eventually waived his right to counsel, and was sentenced on June 9, 2010.  Plaintiff alleges that while housed at the Santa Rita Jail, he was allowed inadequate access to legal materials and facilities, and because of this inadequate access, he was unconstitutionally deprived of his access to the courts, which in turn resulted in his inability to prepare and present an adequate defense to the charges against him.

## STANDARD OF REVIEW

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).   Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 553–56 (2007) (citations omitted).  A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

## DISCUSSION

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid

by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486–487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487. Where, as in the instant matter, a state prisoner seeks damages in a § 1983 suit, the district court must therefore consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* at 487.

In the instant matter, a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, that indeed defendants violated his constitutional rights and that violation prevented plaintiff from presenting an adequate defense to charges on which he was convicted. As required by *Heck*, in order for his complaint to survive, plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Plaintiff has made no such allegation, much less offered proof of such. Accordingly, plaintiff's action being barred by *Heck*, defendants' motion to dismiss (Docket No. 28) is GRANTED, and the action is hereby DISMISSED. The Clerk shall enter judgment in favor of defendants, terminate the pending motion, and close the file.

**IT IS SO ORDERED**.

DATED:  December 23, 2010

RICHARD SEEBORG
United States District Judge